# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30188
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2016

Lyle W. Cayce
Clerk

STACEY CARTER,

        Plaintiff-Appellant

v.

ELDORADO CASINO; WILLIE SHAW; K. P. ANDERSON; P. W. ROBINSON;
CITY OF SHREVEPORT,

        Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-2113

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Stacey Carter, Texas prisoner # 1870516, appeals the denial of his motion for summary judgment and the grant of summary judgment in favor of the defendants in this 42 U.S.C. § 1983 suit. Carter alleges that summary judgment was improper because there are genuine issues of material fact concerning whether the defendants violated his constitutional rights during an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incident at the Eldorado Casino by falsely arresting him and by using excessive force during the course of that arrest.

Carter has not briefed any argument related to the grant of summary judgment in favor of Eldorado Casino, the denial of his retaliation claim as time barred, or the denial of his supervisory and municipal liability claims. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Carter has not identified any error in the district court's analysis, or even mentioned these claims, he has abandoned them. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

This court reviews the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The evidence submitted in conjunction with the defendants' motions for summary judgment, including the surveillance video, establishes that the officers had probable cause to conclude that Carter had committed or was committing several offenses, including disturbing the peace. *See Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004). Carter subsequently pleaded guilty to that offense. Consequently, his arrest was lawful. *See Atwater v. City of Lago Vista*, 195 F.3d 242, 245 (5th Cir. 1999).

In light of the evidence contained in the record, Carter cannot establish that the bruise to his face resulted "directly and only" from Sergeant Robinson's use of the modified seatbelt takedown. *See United States v. Brugman*, 364 F.3d 613, 616 (5th Cir. 2004). Moreover, given that Carter was

No. 15-30188

intoxicated, hostile, and attempted to evade arrest in an area where members of the public were present, he cannot show that the Sergeant Robinson's decision to use a controlled takedown to avoid further conflict constituted excessive and objectively unreasonable force. *See id.*; *Saucier v. Katz*, 533 U.S. 194, 205 (2001). Accordingly, the judgment of the district court is AFFIRMED.